## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER SCHARTZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 05-2128-KHV** |
| BARTON COUNTY COMMUNITY COLLEGE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Jennifer Schartz filed suit against her former employer, Barton County Community College ("BCCC"), its board of trustees, Veldon Law (president of BCCC) and Randall C. Henry (legal advisor to BCCC) for retaliation in violation of her rights under the First Amendment. This matter is before the Court on the Motion To Dismiss And/Or For Summary Judgment (Doc. #10) which Veldon Law filed May 23, 2005. For reasons stated below, the Court overrules defendant's motion to dismiss and withholds ruling on defendant's motion for summary judgment.

### Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to

support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although plaintiff need not

precisely state each element of his claims, he must plead minimal factual allegations on those material

elements that must be proved.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c);

accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d

1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome

of the suit under the governing law."  Anderson, 477 U.S. at 248.  A "genuine" factual dispute

requires more than a mere scintilla of evidence.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d

737, 743 (10th Cir. 1991).  Once the moving party meets its burden, the burden shifts to the

nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters

for which it carries the burden of proof."  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912

F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.

1991).  The nonmoving party may not rest on its pleadings but must set forth specific facts.  Applied

Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for

summary judgment."  Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th

Cir. 1991).  Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.  <u>Anderson</u>, 477 U.S. at 250-51.  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."  <u>Conaway v. Smith</u>, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Anderson</u>, 477 U.S. at 251-52.

### Factual Background

The following facts are taken from plaintiff's complaint.

From mid-2001 to mid-2004, plaintiff taught journalism at BCCC.  She was also the faculty advisor for the *Interrobang*, the BCCC student newspaper.  During the 2003-04 academic year, the *Interrobang* published articles critical of BCCC athletic programs.

In February of 2004, Law warned the entire faculty not to talk to reporters.  Later that month, Law met with plaintiff about her concern that a coach was trying to intimate a student editor.  Law became angry and said that the *Interrobang* was becoming the *National Enquirer*.  In March of 2004, plaintiff wrote Law a letter stating that she disagreed with the administration's policy that the paper could not publish letters which were essentially attacks on "other members of the Barton College Community College family."  In April of 2004, the BCCC Board of Trustees decided not to renew plaintiff's teaching contract.  The Board of Trustees makes final decisions on renewal of teaching contracts.  Law makes recommendations to the Board of Trustees concerning the renewal of faculty contracts.

Plaintiff alleges that the Board of Trustees did not renew her contract in retaliation for the

exercise of her rights under the First Amendment. Plaintiff has joined Law individually as a defendant to this claim. She alleges that he recommended or participated in the decision not to renew her contract.

Law seeks dismissal of plaintiff's complaint for failure to state a claim or in the alternative, summary judgment. In support of his motion for summary judgment, Law has filed an affidavit stating that he recommended that the Board of Trustees renew plaintiff's contract.

## Analysis

### I.     Motion To Dismiss

Law seeks dismissal of plaintiff's complaint for failure to state a claim against him. Defendant notes that under Kansas law, only the Board of Trustees can decide not to renew a teaching contract. See K.S.A. § 72-5437; see also K.S.A. § 71-201(b)(7). Plaintiff alleges, however, that the Board of Trustees relied upon Law's recommendation in deciding to terminate her contract. If the Board's decision was based on Law's recommendation and if that recommendation was improperly motivated, Law could be liable under Section 1983. See Clay v. Bd. of Trs. of Neosho County Cmty. Coll., 905 F. Supp. 1488, 1499-1500 (D. Kan. 1995) (athletic director may be liable under Section 1983 for recommending non-renewal of plaintiff's contract in retaliation for exercise of First Amendment rights); see also Saye v. St. Vrain Valley Sch. Dist., 785 F.2d 862 (10th Cir. 1986) (permitting claim against school district where board relied on allegedly improperly motivated recommendation of administrator in deciding not to renew teacher contract); United States v. P.H.E., Inc., 965 F.2d 848, 858 (10th Cir. 1992) ("In cases awarding damages to teachers dismissed for exercising their First Amendment rights, we have rejected the notion that referral to an independent board automatically cures the decision-making process of any improprieties."). But see Jantz v.

-4-

Muci, 976 F.2d 623 (10th Cir. 1992) (Section 1983 liability does not attach to administrator in official capacity unless administrator vested with final policymaking authority). At this stage, based on the allegations of the complaint, the Court cannot say that plaintiff can prove no set of facts which would entitle her to relief. Law's motion to dismiss is therefore overruled.

## II.    Motion For Summary Judgment

Law asserts that, based on his affidavit that he recommended that the Board of Trustees renew plaintiff's contract, he is entitled to summary judgment. Plaintiff responds that Law's motion is premature because discovery is needed to determine whether the Board of Trustees will corroborate Law's statement that the Board decided to terminate plaintiff's contract against his recommendation. Plaintiff has filed an affidavit under Rule 56(f), Fed. R. Civ. P., which allows a party to submit an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition" and permits the Court to order a continuance to permit further discovery. The Court has discretion whether to grant a motion under Rule 56(f). See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-54 (10th Cir. 1993).

Plaintiff's affidavit states that plaintiff has propounded interrogatories to identify the persons who participated in the decision not to renew her contract. Plaintiff intends to depose those persons to explore their roles and motives. The Court finds that plaintiff should be allowed a brief extension of time to respond to Law's motion for summary judgment. On or before August 22, 2005, plaintiff shall file a response to the motion for summary judgment. Defendant shall file a reply within 10 days.

**IT IS THEREFORE ORDERED** that Veldon Law's Motion To Dismiss And/Or For Summary Judgment (Doc. #10) filed May 23, 2005 be and hereby is **OVERRULED IN PART**.

-5-

Defendant's motion to dismiss is **OVERRULED**.  The Court withholds ruling on defendant's

motion for summary judgment.

Dated this 13th day of July, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge