**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JENNIFER SCHARTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2128-KHV** |
| **BARTON COUNTY COMMUNITY COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

Jennifer Schartz filed suit against Barton County Community College ("BCCC"), its board of trustees and Veldon Law (president of BCCC), alleging that they refused to renew her teaching contract because she exercised her rights under the First Amendment.[1]  This matter comes before the Court on Plaintiff's Motion For Extension Of Time To Respond To Defendant Veldon Law's Motion For Summary Judgment (Doc. #37) filed August 22, 2005.

On May 23, 2005, Law filed a motion to dismiss or for summary judgment.  (Doc. #10).  On July 13, 2005, the Court overruled Law's motion to dismiss and withheld ruling on his motion for summary judgment.  See Memorandum And Order (Doc. # 27).[2]  The Court noted Law's argument that he is entitled to summary judgment because he actually recommended that the Board of Trustees *renew* plaintiff's contract.

Plaintiff argued that Law's motion was premature because she needed discovery to determine

---

[1] On June 21, 2005, the parties stipulated to dismissal without prejudice of defendant Randall C. Henry, legal advisor to BCCC.  See Doc. #18.

[2] The Court incorporates the Memorandum and Order by reference.

whether the Board of Trustees will corroborate Law's statement that the Board decided not to renew her contract against his recommendation.  Plaintiff filed an affidavit under Rule 56(f), Fed. R. Civ. P., which allows a party to submit an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition" and permits the Court to order a continuance to permit further discovery.  See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-54 (10th Cir. 1993) (court has discretion whether to grant motion under Rule 56(f)).  Plaintiff's affidavit stated that she had propounded interrogatories to identify the persons who participated in the decision not to renew her contract, and that she intended to depose those persons to explore their roles and motives.  The Court therefore allowed plaintiff until August 22, 2005 to file a response to Law's motion for summary judgment.

On August 22, 2005, plaintiff filed a motion for extension of time, asserting that she still has not obtained essential discovery.  Plaintiff notes that discovery has been delayed in part because separate counsel entered an appearance on Law's behalf on August 19, 2005.  Law has not responded to plaintiff's motion for an extension of time, and the parties are currently engaged in discovery disputes.  See Motion to Compel By Plaintiff Jennifer Schwartz (Doc. #38) filed August 29, 2005; Motion To Compel By Defendants Barton County Community College, Board Of Trustees Of Barton County Community College (Doc. #41) filed September 7, 2005.  Plaintiff must have the opportunity to proceed with the discovery necessary to respond to Law's assertion that he was not responsible for termination of plaintiff's employment.  The Court finds that Law's motion for summary judgment is therefore overruled without prejudice to refile the motion after completion of discovery.

**IT IS THEREFORE ORDERED** that Veldon Law's Motion For Summary Judgment

(Doc. #10) filed May 23, 2005 be and hereby is **OVERRULED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Extension Of Time To Respond To Defendant Veldon Law's Motion For Summary Judgment (Doc. #37) filed August 22, 2005 be and hereby is **OVERRULED AS MOOT**.

Dated this 11th day of October, 2005 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge