IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER SCHARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2128-KHV |
| | ) | |
| BARTON COUNTY COMMUNITY | ) | |
| COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the motion of the defendants, Barton County
Community College ("BCCC") and the Board of Trustees of Barton County Community
College (the "Board"), to compel the plaintiff, Jennifer Schartz, to respond to certain
interrogatories and document requests **(doc. 41)**.    Defendants have filed a supporting
memorandum (doc. 42), to which plaintiff has responded (doc. 46), and defendants have replied
(doc. 48).

A common refrain heard among the practicing bar these days is that the rules and
procedures in federal court, and the judges who enforce them, make litigation too expensive
for all but well-financed litigants.   Although that of course is a proper subject for discussion
between the bench and bar, and although the undersigned generally holds the practicing bar in
this District in high esteem, the discovery record in the case at bar simply does not support the
above-stated criticism.    That is, unfortunately most of the discovery requests here appear to
have been copied out of a form book, with little or no effort made by defendants to tailor them

to the facts of this particular case.   Moreover, in most instances, plaintiff responded to these pattern discovery requests with improper "general objections" to the entire set of requests, accompanied by what amount to no more than boilerplate objections to the specific requests. Compounding the problem is the fact that the parties' briefing, although laudably concise, has provided no specific authorities to assist the court in ruling on the parties' substantive disagreements.   In any event, as explained in more detail below, defendants' motion will be granted in part and denied in part.

## I.      Interrogatory No. 6

Interrogatory No. 6 asks plaintiff to "[l]ist the names, present addresses, and places of employment of all persons (including the parties to this action) who gave any interviews, reports, or statements–written or otherwise–concerning the matter involved herein; [and] [s]tate the dates on which each interview, report, or statement was obtained; the name, title, and address of the person interviewing or taking each report or statement; and the name and address of the person who has custody of each report or statement."   Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague, and confusing.   Plaintiff further objects to the extent that the information sought is protected by the attorney-client privilege and/or work product doctrine.

The court finds that Interrogatory No. 6 is not overly broad on its face.   Thus, the burden shifts to plaintiff to support her objection.   In her response to the instant motion, plaintiff does not meaningfully expound on her argument as to the scope of Interrogatory No. 6, but instead argues that producing the information sought would be "unreasonably burdensome." Significantly, though, plaintiff did <u>not</u> object on the grounds that Interrogatory No. 6 is unduly

burdensome in her initial response to the interrogatory.   Thus, she waived that objection.   In any event, the court has not been persuaded that Interrogatory No. 6 is overly broad or unduly burdensome.

As to plaintiff's attorney-client privilege and work product objections, the court notes that plaintiff has not provided a privilege log in compliance with Fed. R. Civ. P. 26(b)(5).   Thus, the court finds that she has waived those objections.

Further, it is important to bear in mind that Interrogatory No. 6 does not ask for revelation of the contents of any interview, report, or statement.   This interrogatory simply asks whether information was gathered and if so, when it was gathered, who was involved, and where the information is now.   Thus, the attorney-client privilege and work product protections do not apply to the information sought by Interrogatory No. 6.

Defendants' motion to compel with respect to Interrogatory No. 6 is granted.

## II.    Interrogatory No. 7

Interrogatory No. 7 states:   "List any photographs, charts, plats, drawings, or other evidentiary items concerning this matter made independently or by or on behalf of any party to this action."   Indeed, the court would be mightily surprised if plaintiff has any plats that relate to this case!   In any event, plaintiff objects to this interrogatory on the grounds that it is overbroad, vague, and confusing.   The court sustains the objections as to this interrogatory as being vague and confusing.   This renders moot the objection as to the interrogatory being overly board.   In any event, plaintiff need not answer this interrogatory.

Defendants' motion to compel with respect to Interrogatory No. 7 is denied.

## III.    Interrogatory No. 9

Interrogatory No. 9 asks whether plaintiff "contend[s] that the defendants, their representatives, or anyone acting on . . . defendants' behalf have made any admission against interest to [plaintiff] or to any other person in connection with the subject matter of this lawsuit."   Interrogatory No. 9 further seeks, if the answer to the above question is "yes," identification of each admission, to whom the admission was made, when and where the admission was made, and the identity of any other individuals who claim to have been present during admission.   Plaintiff objects to this interrogatory on the grounds that "it is unreasonably vague as to the meaning of 'admission against interest' and, depending on the meaning of that term, unreasonably overbroad and burdensome."

The term "admission against interest" is _not_ unreasonably vague.   Obviously, defendants seek discovery of statements made by their representatives that plaintiff believes are admissions against defendants' interest that will be admissible at trial.   As with the interrogatories discussed above, this interrogatory is neither overly broad nor unduly burdensome on its face.   Plaintiff claims that, because this case involves a three-year relationship between the parties, it is too complex to be amenable to such an interrogatory. The court respectfully disagrees.

Defendants' motion to compel with respect to Interrogatory No. 9 is granted.

## IV.     Interrogatory No. 11

Interrogatory No. 11 seeks "the exact amount of alleged damages" plaintiff seeks including the "pecuniary and non-pecuniary losses" for which damages are sought.   Defendants further seek an itemization of each element, amount, and calculation of damages sought and any supporting documents.     Plaintiff objects to this interrogatory "because plaintiff's non-

economic damages will need to be decided by the jury." Plaintiff further states that "without waiving this objection, responsive information regarding plaintiff's economic losses will be provided pursuant to supplements to plaintiff's 26(a) statement."

Plaintiff's stated objection is frivolous and therefore overruled. Irrespective of plaintiff's objections to provide damage disclosures to defendants pursuant to Fed. R. Civ. P. 26(a)(1)(C) and Fed. R. Civ. P. 26(e)(1), defendants are entitled to a complete detailed answer to this interrogatory.

Defendants' motion to compel as to Interrogatory No. 11 is granted.

## V.     Interrogatory No. 13

Interrogatory No. 13 asks whether plaintiff has "ever been arrested for or convicted of any criminal offenses or traffic violations; the nature of each offense; the date; the name and address of the court of commission having jurisdiction thereof; and the disposition of each." In their supporting brief, defendants state that they are "willing to forego a list of any of plaintiff's minor traffic violations . . . ." Although plaintiff originally objected to this interrogatory on the grounds that it is unreasonably vague, overbroad, and irrelevant, she states in her response brief that "[i]n point of fact, Ms. Schartz has no criminal history (except, perhaps, for minor traffic offenses) and [she has] offered to provide a supplemental response to a limited interrogatory."

Accordingly, the motion to compel in this regard is granted and thus plaintiff shall provide such supplemental response to Interrogatory No. 13, regarding her criminal history, excluding minor traffic violations.

## VI.     Interrogatory No. 21

Interrogatory No. 21 seeks a list which includes the names and addresses of plaintiff's employers for the past fifteen years, plaintiff's title or position held, the name of plaintiff's immediate supervisor, plaintiff's rate of pay upon termination and the inclusive dates of employment. Plaintiff originally objected to this interrogatory on the grounds that it is unreasonably vague, overbroad, and irrelevant. She further stated that "without waiving these objections, plaintiff will produce documents reflecting her post-termination earnings."

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[1] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[2] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[3] The question of relevancy naturally "is to be more loosely construed at the

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[2] *Id.*

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

discovery stage than at the trial."[4]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."

This case involves the reasons for non-renewal of plaintiff's employment contract. Accordingly, Interrogatory No. 21, which seeks employment history information, appears relevant on its face.  The burden then shifts to plaintiff, as the party resisting discovery, to establish lack of relevance.  Plaintiff has failed to carry her burden, i.e., she does not even address this issue at all in her response brief.  Thus, the court finds that the information sought by Interrogatory No. 21 is relevant.

As to plaintiff's objection that this interrogatory is overbroad, the court finds that it is not overly broad on its face.  For three of the fifteen years referred to, plaintiff was employed by defendants.  Also, plaintiff has agreed to provide information relating to her employment after her termination by defendants.  Again, plaintiff has failed to put forth a persuasive argument in her response brief that this interrogatory is overly broad.

Accordingly, defendants' motion to compel as it relates to Interrogatory No. 21 is granted.

**VII.    Interrogatory No. 24**

Interrogatory No. 24 seeks a list of any benefits plaintiff received "as a result of the injuries complained of in this lawsuit," the source(s) of such benefits, names and addresses, dates received, type, and total amount.  Defendants list several categories of benefits sought.

---

[4] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

Plaintiff objects on the grounds that this interrogatory is unreasonably vague, overbroad, and irrelevant.

Defendants claim that these benefits are relevant on the issues of mitigation and setoff. Plaintiff states in her response brief that "the only thing plaintiff may have received is unemployment compensation which, as a matter of settled law, does not count as a setoff against back pay in employment law cases." It appears from the cases cited by the parties that whether to include unemployment benefits in setoff is within the court's discretion.[5] In any event, it is not clear from those cases that unemployment benefits may not be included. Thus, the court finds that the information sought by Interrogatory No. 24 is relevant, or at least discoverable.

Plaintiff admits in her response brief that the only benefit she received that would be covered by Interrogatory No. 24 is unemployment compensation. Accordingly, the court finds it unnecessary to address plaintiff's objection that the interrogatory is overly broad.

Defendants' motion to compel as it relates to this interrogatory is granted.

## VIII.   Interrogatory Nos. 26 and 27

Interrogatory Nos. 26 and 27 ask plaintiff to "[i]dentify with particularity each and every occasion on which [she] exercised [her] First Amendment rights by reason of which [she] claim[s] to have been retaliated against. . . .[and] on which [she] claimed to have been requested to censor the content of the *Interrobang*." Plaintiff objects to each of these interrogatories

---

[5] *See Leidel v. Ameripride Servs., Inc.*, 276 F. Supp. 2d 1138, 1144 (D. Kan. 2003) (citing *EEOC v. Sandia Corp.*, 639 F.2d 600, 624-26 (10th Cir. 1980)).

as being unreasonable burdensome, although she did provide a partial answer to Interrogatory No. 27.

Contention interrogatories such as these often are problematic.   Reasonable limits on the use of such interrogatories are appropriate.   "Interrogatories should not require the answering party to provide a narrative account of its case . . . .   The court will generally find . . . [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses."[6]   Here, though, defendants do <u>not</u> seek "every fact" which support plaintiff's claims.   Rather, they seek specific instances when plaintiff claims to have exercised her First Amendment Rights and to have been requested to censor the student newspaper.   Accordingly, the court finds that Interrogatory Nos. 26 and 27 are not unduly burdensome on their face.   Plaintiff has not shown a contrary finding is warranted.

Defendants' motion to compel with respect to these interrogatories is granted.

**IX.    Document Request No. 1**

Request No. 1 seeks "[a]ny and all notes, accounts, diaries, memoranda, correspondence, and written materials of any kind concerning the facts of the incident which is the subject of this action which are in the possession of the plaintiff or her attorneys or agents."   Plaintiff states in response that she will provide non-privileged documents relating to her termination.   To the extent that she has not done so, the court directs her to provide such documents to defendants.

---

[6] *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998) (internal citations omitted).

Plaintiff objects to Request No. 1 to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  She also claims that the request is vague.  But as earlier indicated, plaintiff has not provided a privilege log pursuant to Fed. R. Civ. P. 26(b)(5), and thus her objections based on privilege and work product are waived. Further, Request No. 1 is not unreasonably vague on its face and plaintiff makes no argument in her brief as to her objection based on vagueness.

Thus, defendants' motion to compel with respect to this request is granted.

## X.      Document Request No. 2

This request seeks "any and all documents, correspondence, memoranda, written materials and items of any kind which plaintiff reasonably anticipates offering as exhibits at the time of trial."  Plaintiff objects to this request on the grounds that it is "premature." Obviously, plaintiff cannot produce what she does not yet have.  However, consistent with the requirements of Fed. R. Civ. P. 26(a)(1)(B), she must provide to defendants any such documents and items that she does have at this time.

Defendants' motion to compel with respect to this request is granted.

## XI.     Document Request No. 6

Request No. 6 seeks "any and all documentation of benefits paid to [plaintiff], either directly or indirectly, from any source for all pecuniary damages claimed, or which [plaintiff] allege[s] to have suffered, as a result of the subject incident."  Plaintiff objects on the grounds that this request is "unreasonably vague, ambiguous, and confusing."  This request appears to ask for documents related to the information sought by Interrogatory No. 24.

For the reasons discussed in connection with that interrogatory, defendants' motion to compel with respect to Request No. 6 is granted.

## XII.    Document Request No. 8

This request seeks "any and all documents, correspondence, memoranda, and written materials of any kind concerning the facts of the incident or claims filed as investigated by any adjusters or representatives of the plaintiff."   Plaintiff objects on the grounds that this request is "unreasonably vague, ambiguous, and confusing."  The court agrees.   Given the nature of this case, it is not clear exactly what defendants seek by way of this request.   Plaintiff does state in her response brief, however, that "[t]here are no 'adjusters' in this case and the only 'representatives' of plaintiff in this case are her attorneys."   Accordingly, anything that plaintiff may produce in response to this request should be covered by her response to Request No. 1.

Defendants' motion to compel as it relates to this request is denied.

In consideration of the foregoing, the above-referenced motion **(doc. 41)** is granted in part and denied in part.  Plaintiff shall fully comply with this order by **November 23, 2005**.

IT IS SO ORDERED.

Dated this 14th day of November, 2005 at Kansas City, Kansas.


   s/   James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge